OPINION
{¶ 1} Plaintiff AMC Land Company, Ltd., appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which affirmed the decision of appellee Canton City Planning Commission. Canton City Planning Commission submitted a preliminary plat and requested a variance from the Canton City Zoning Regulation that limited the length of cul-de-sacs to no more than 500 feet. Appellant assigns three errors to the trial court:
 {¶ 2} "The common pleas court erred in determining that the issue before it was not ripe for review.
 {¶ 3} "The common pleas court erred in failing to grant appellant a variance from the subdivision regulation limiting cul-de-sac to 500 feet in length.
 {¶ 4} "The common pleas court erred in failing to declare unconstitutional application of the 500-foot-cul-de-sac limitation in the subdivision regulations to appellant's proposed project."
 {¶ 5} The record reflects AMC Land Company is a developer of residential real estate. In approximately 1995, AMC acquired 160 acres of land to develop into residential housing allotments. Approximately 151 acres of the parcel is located in North Canton, Ohio, and has been or is being developed as an allotment entitled Monticello. The remaining approximately nine acres abuts the Monticello Allotment to the South, but is located within the City of Canton. The Canton acreage is long and narrow, and because of the configuration of the property, and lack of access to other streets, AMC's preliminary plat proposed a private cul-de-sac of approximately 990 feet in length. The plat proposed to develop twenty-five buildable lots.
 {¶ 6} AMC submitted a request for a variance with its preliminary plat.
 {¶ 7} The City of Canton Subdivision Regulations permit the City Planning Commission to modify its regulations if it finds extraordinary hardships may result from strict compliance with regulations. The Commission may vary the regulations to do substantial justice and secure the public interest, providing that the variation does not nullify the intent and purpose of the general plan. AMC's request for the variance asserted two hardships, namely that the City of North Canton had denied a roadway connection into the Canton acreage, and because the Planning Commission had approved other dead end roadways longer than 500 feet.
 {¶ 8} The fire chief reviewed the preliminary plat, and expressed concern over the length of the dead end street for safety reasons, as there was only one access for ingress and egress of fire trucks and other safety vehicles. In order to deal with this, AMC's preliminary plat proposed a designated walking path and walking path easement intersecting the cul-de-sac approximately in the center. The preliminary plat advised the location and alignment of the easement and walking path would have to be coordinated with the Stark County Parks Department. AMC proposed this walking path would act as an alternate safety access route to be built under an agreement with the Stark County Park System, which would maintain the path.
 {¶ 9} The Stark County Park District Director, Robert Fonte, testified he had reached no agreement with appellant with regard to the combination walking path and safety access road.
 {¶ 10} The Planning Commission voted to deny the variance request, and appellant appealed the matter to the Stark County Court of Common Pleas. Coupled with the administrative appeal, the complaint also prayed for declaratory judgment that the 500 foot limitation was unconstitutional as applied to appellant, because it is arbitrary, and not substantially related to the public health, safety, morals, or general welfare. Appellant argues the City of Canton has approved at least ten other cul-de-sacs in the past, including several which exceed the length of the street appellant proposes.
 {¶ 11} The trial court held the decision of the Planning Commission is supported by reliable, probative, and substantial evidence, and is in accord with law. The court affirmed the Board's decision. Our standard of review is more limited than the trial court's and we only review trial court's judgment on questions of law, Henley v.Youngstown Board of Zoning Appeals, 90 Ohio St.3d 142, 2000-Ohio-493,735 N.E.2d 433.
 {¶ 12} In addition, the court found appellant's request for declaratory judgment was not ripe for adjudication.
 {¶ 13} In its recent case, Smith v. Grandville Township Board ofTrustees (1998), 81 Ohio St.3d 608, 693, NE 2d 219, the Ohio Supreme Court re-affirmed the standard of review for common pleas courts to apply in cases such as this. The court of common pleas weighs the evidence in the record, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
 {¶ 14} The trial court's analysis of the facts and law was correct as far as it went, and we agree completely with the court's decision. However, we find the trial court should have continued the analysis through the constitutional challenges.
 {¶ 15} We have reviewed the record of proceedings before the trial court and the Board, and we find the trial court did not err in affirming the decision of the Board.
 {¶ 16} We affirm that portion of the trial court's judgment.
 {¶ 17} We find the issue of the constitutionality of the zoning regulations is an integral part of the administrative appeal before the court of common pleas. According, we find the court of common pleas erred in determining the issue was not ripe for review.
 {¶ 18} The first assignment of error is sustained in part.
 II III {¶ 19} The other assignments of error are moot.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Wise, J., and Edwards, J., concur.
Topic: Zoning — Constitutionality of application of zoning regulations — variance.